## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 85*—*what is bar to recovery by contractor.* Where the plaintiff by contract agreed to erect for the defendants certain buildings and to procure building loans therefor, *held* that his failure to procure such loans would be a bar to his recovery for a breach of the contract by the defendants.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence is sufficient to show failure of contractor to procure loans.* In an action by a contractor to recover for alleged breach of a building contract, evidence *held* sufficient to sustain the finding that plaintiff had failed to prove its readiness and ability to procure certain loans which it had contracted with defendants to procure.

## Standard Brewery, Appellee, v. Patrick I. Creedon, Appellant.

### Gen. No. 22,753.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917.

## Statement of the Case.

Suit by the Standard Brewery, a corporation, complainant, against Patrick I. Creedon, defendant, for reformation or cancellation of complainant's alleged guaranty of the covenants of a certain lease, and to enjoin the prosecution of a certain action at law thereon brought by the defendant, to which defendant filed his cross-bill praying for damages under the guaranty. From a decree that the guaranty be canceled and complainant discharged from all obligations thereunder and defendant be perpetually enjoined from the prosecution of the pending action or any other on the guaranty, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOSEPH P. MAHONEY, for appellant; J. KENTNER ELLIOTT, of counsel.

CASTLE, WILLIAMS, LONG & CASTLE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 437*—*when lessee continuing in possession after expiration of term is not trespasser.* Where the tenant under a lease remained in possession after the expiration of the lease for a term of years according to its provisions pending the fixing by appraisers of the amount of rental to be paid for a subsequent period, in accordance with the provisions of a written agreement entered into between the lessor and lessee prior to the original lease, and the lessor received payment on account of rents for such subsequent period and brought suit to enforce security given for the payment of such rents, *held* that such lessee was not a trespasser in continuing in possession of the premises but was a tenant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.